## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRENDA DAVIS,             )
)
          Plaintiff,   )
)
v.                     )     Case No.: 20-2635-HLT-KGG
)
ETHICON, INC., *et al.*,     )
)
         Defendants. )
_____)

## MEMORANDUM & ORDER

NOW BEFORE THE COURT is Defendants' "Motion for Order Prohibiting Plaintiff's Case-Specific Expert Dr. Bruce Rosenzweig from Including his Untimely Independent Medical Examination in a Supplemental Report and Testifying About it at Trial."  (Doc. 85.)  For the reasons stated herein, Defendants' motion is **DENIED**.

## FACTUAL BACKGROUND

Plaintiff brings the present products liability action based on the surgical implant of Defendants' pelvic mesh into her body in 2010.  She alleges that she suffered serious injuries, medical complications, and damages a result of the implant, including

> mesh erosion, mesh contraction, degradation of the mesh,
> an adverse reaction to the mesh, local tissue reaction,
> significant tissue trauma, pain, immune response,

> degradation of pelvic tissue, neuromuscular problems, vaginal scarring/shrinkage, chronic pelvic pain, urinary incontinence, pelvic organ injuries, infection, inflammation, scar tissue formation, organ perforation, dyspareunia, nerve damage, pelvic floor damage and/or other complications and injuries.

(Doc. 1-1, at 7-8.) Plaintiff ultimately had surgery in 2013 in an attempt to remove the mesh from her body. Complete removal was not, however, possible.

Prior to remand to this Court in December 2020, this case was conducted as part of Wave 11 of the Multi-District Litigation *In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation*, United States District Court for the Southern District of West Virginia, Case No. 2327. A Scheduling Order was entered in the MDL applicable to Wave 11 cases covering fact and expert discovery.

Under that Scheduling Order, fact and expert discovery (including independent medical examinations pursuant to Fed.R.Civ.P. 35) closed on August 1, 2019. According to Defendants,

> Plaintiff disclosed Dr. Rosenzweig as her case-specific expert on May 24, 2019, and Defendants disclosed Dr. Joseph Costa as their case-specific expert on June 24, 2019. While Defendants' case-specific expert Dr. Costa performed a timely IME on July 18, 2019, Plaintiff elected not to have her case-specific expert, Dr. Rosenzweig, perform an IME prior to the August 1, 2019, deadline (or anytime thereafter).

(Doc. 85, at 1.)

Upon remand to the District of Kansas, this Court entered a Scheduling Order governing the remainder of pretrial litigation of this case.  (Doc. 77.) Therein, the undersigned Magistrate Judge indicated that "[c]onsiderable discovery was completed during the time this case was part of multi-district litigation" and that "[g]eneral and case-specific fact and expert discovery is essentially complete."  (*Id*., at 4.) That stated, the Court continued that

> Plaintiff has had additional medical treatment since expert discovery in the MDL and alleges continued injury and damages.  **Fact and expert discovery concerning Plaintiff's medical care and damages, limited to new matters after the deadlines from the MDL, is necessary.**

(*Id*. (emphasis added).)  The Court acknowledged that fact discovery closed in the MDL on August 1, 2019.  (*Id*.)  A deadline for supplemental expert reports was set for September 17, 2021.  (*Id*., at 6.)

Earlier this year, as litigation proceeded in this Court, Plaintiff's counsel informed Defendants that Plaintiff intended to seek treatment from her disclosed expert, Dr. Rosenzweig, for the first time.  Defendants contend they "immediately notified Plaintiff's counsel that they objected to Dr. Rosenzweig including any details of such a visit in a supplemental report, as it would in effect be an extremely untimely IME by Plaintiff's retained expert under the guise of 'treatment.'"  (Doc. 85, at 2.)

This issue was raised during the Scheduling Conference with the undersigned Magistrate Judge in March of this year.  (Doc. 77-1, at 4–7.)  The dispute was noted in the resulting Scheduling Order, reserving resolution of the issue through a formal motion:

> Supplemental case-specific expert reports pertaining to medical events and facts which occurred after the deadline for expert reports in the MDL may be necessary. Such supplemental reports will be produced by the deadlines specified in paragraph 2c of this Order.  The parties disagree as to whether Plaintiff's case-specific expert Dr. Rosenzweig may supplement his report with any information or opinions based thereon relating to any treatment he intends to provide Plaintiff.   … **Any Independent Medical Exam pursuant to Rule 35 shall be completed by the deadline set in paragraph 2d of this Order [August 20, 2021] and shall be limited to updating any previous exam**.

Doc. 77, ¶ 2D (emphasis added).

On July 30, 2021, Plaintiff's counsel informed Defendants that Plaintiff was planning to travel to Chicago, Illinois, in early August to see Dr. Rosenzweig for "treatment" – before the August 20, 2021, supplemental IME deadline in the Scheduling Order.  Plaintiff's counsel also indicated that they intended to have Dr. Rosenzweig issue a supplemental report detailing the "treatment."  (Doc. 85-1, at 2-3.)  Plaintiff's counsel characterized this visit as treatment rather than an IME. As Defendants indicate, "the Scheduling Order issued by this Court does not permit an IME from Dr. Rosenzweig, since he did not perform an IME during the

time period for doing so in the MDL, and thus there is no 'previous exam' to update. See Doc. 77, ¶ 2D."  (Doc. 85, at 2-3.)  Plaintiff's counsel did, however, communicate to defense counsel by e-mail, stating that

> [t]he reality is that [Plaintiff's] upcoming visit with Dr. Rosenzweig and the medical record generated from that visit would qualify as either information for his supplemental report or for a rebuttal report.  The Court's Scheduling Order specifically allows Plaintiff to conduct her own IME and produce a rebuttal report to Dr. Costa's IME ('Plaintiff may conduct her own IME and/or produce a rebuttal report to Dr. Costa's report in the time specified for rebuttal reports in this Order.').

(*Id.*, at 2.)

Defendants contend that characterizing this medical visit as "treatment" is "belied by the fact that Dr. Rosenzweig is retiring from his medical practice" in the end of September 2021.  (Doc. 85, at 3.)  Defendants concede that while they cannot stop Plaintiff from seeing any doctor, "they do object to Dr. Rosenzweig including this untimely IME in a supplemental report or testifying about it at trial … ."  (*Id.*)

## ANALYSIS

Defendants characterize "Plaintiff's plan to travel across states (from Kansas City to Chicago) to obtain 'treatment' from her retained expert, Dr. Rosenzweig – just three weeks before the deadline for supplemental IMEs, and long after Dr. Rosenzweig announced his retirement from his medical practice" as merely a

"thinly veiled attempt to circumvent the Court's Order disallowing new IMEs." (Doc. 85, at 7 (citing Doc. 77 at 5 ("Any Independent Medical exam pursuant to Rule 35 . . . shall be limited to updating any previous exam.").) According to Defendants, this equates to "transparent gamesmanship" because in the seven years since she filed her lawsuit, Plaintiff had never sought Dr. Rosenzweig for treatment and the time to conduct an IME expired under the MDL schedule. (*Id*.)

Plaintiff responds that her examination by Dr. Rosenzweig "is highly relevant evidence" based on Plaintiff's "new and recent medical treatment" – her November 24, 2020, examination by Dr. Nosti regarding what she describes as her "worsening pelvic pain." (Doc. 88, at 1.) She also indicates "multiple visits with her primary care doctor," Dr. Shaikh, "to address new and ongoing medical issues" which she alleges were caused by the mesh implant at issue herein. (*Id*., at 3.) Plaintiff argues that "Dr. Rosenzweig's August 6, 2021[,] medical visit with Ms. Davis absolutely fits within the bounds of the Court's allowable supplemental discovery, because it is based on new medical care and damages which occurred after the deadlines in the MDL." (*Id*., at 6.) Plaintiff argues that this "is fully in accord with Fed. R. Civ. P. 26, which allows supplementation of expert disclosures based on "information that was not available at the time of initial disclosure." (*Id.* (citing Fed.R.Civ.P. 26(e)(1).)

According to Plaintiff, Defendants have failed to establish that they would be prejudiced by Dr. Rosenzweig providing the supplemental report. (*Id.*, at 1, 8.) Plaintiff also points out that the current Scheduling Order provides for her to conduct her own IME and/or produced a rebuttal expert report to that of Defendants' expert, Dr. Costa within the deadline set for rebuttal reports infra. (*Id.*, at 2 (quoting Doc. 77, at ¶ (2)E)). Although Dr. Costa timely performed his IME of Plaintiff in July 2019, his expert report was not served until March 1, 2021. (Doc. 77, at ¶ (2)(E).) Plaintiff objected to the submission as untimely, but this Court found that Plaintiff was not prejudiced by the inadvertently late report. (*Id.*) The Court determined, however, that "Plaintiff could conduct her own IME and/or produce a rebuttal report to Dr. Costa's report in the time specified for rebuttal reports in this Order," which is October 29, 2021. (*Id.* (2)(E), (H).) Further, as Plaintiff contends, there is sufficient time for Defendants "to request a deposition of Dr. Rosenzweig (discovery cut off is December 3, 2021) or to file a *Daubert* motion to challenge the admissibility of any of his testimony (deadline is February 4, 2022)." (*Id.*, at 8.)

Defendants reply that they would be "considerably prejudiced" because this supplementation would necessitate additional depositions and supplementation of their own expert's report. (Doc. 90, at 5-6.) First, Defendants did not explicitly raise this objection until their reply brief. Unfortunately, by not making these

arguments in their opening brief, Defendants have waived the arguments.  "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."  ***Reedy v. Werholtz***, 660 F.3d 1270, 1274 (10th Cir. 2011) (quotations and citation omitted); *see also* ***Clark v. City of Shawnee, Kansas***, 2017 WL 698499, at *1 (D. Kan. 2017) (applying ***Reedy*** to district courts).

Addressing the issue on its substantive merits does not change the outcome. The Court acknowledges that allowing Plaintiff's expert to include his recent medical examination in his supplemental report would indeed result in prejudice to Defendants.  The adversarial nature of litigation, however, results in most actions of an opposing party being prejudicial.  The issue is not whether Defendants are prejudiced by Plaintiff's actions, but rather whether Defendants would be *unduly* prejudiced.  In this instance, the Court finds that the resulting prejudice to Defendants would not be undue given the nature of claims and damages at issue in this litigation.

Plaintiff has clearly established that she has sought "new and recent medical treatment," has experienced "worsening pelvic pain," and has necessitated treatment "to address new and ongoing medical issues" which she alleges were caused by the mesh implant at issue herein.  Further, Defendants concede that

"they do not (and cannot) object to [Plaintiff] visiting any doctor … ."  (Doc. 85, at 3.)  All things considered, the Court finds **DENIES** Defendants' motion.

       **IT IS THEREFORE ORDERED** that Defendants' "Motion for Order Prohibiting Plaintiff's Case-Specific Expert Dr. Bruce Rosenzweig from Including his Untimely Independent Medical Examination in a Supplemental Report and Testifying About it at Trial" is **DENIED**.  (Doc. 85.)  Plaintiff's expert shall be allowed to include his recent medical examination of Plaintiff in his supplemental report.  Any determination regarding the admissibility at trial of this, or any other, evidence, will be left to the sound discretion of the District Court.

       IT IS SO ORDERED.

       Dated this 20th day of September, 2021, at Wichita, Kansas.

                      /s Kenneth G. Gale

                      HON. KENNETH G. GALE

                      U.S. MAGISTRATE JUDGE